UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4193

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN DARNELL PARNELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:06-cr-00258-RDB)

Submitted:  January 7, 2008       Decided:  January 15, 2008

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Daniel A. Loeffler, KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL,
P.L.L.C., Washington, D.C., for Appellant.  Rod J. Rosenstein,
United States Attorney, Bryan M. Giblin, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Darnell Parnell appeals his conviction and 188-month sentence imposed after he pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g) (2000). The Government has moved to dismiss the appeal, asserting that Parnell waived his right to appeal in the plea agreement. Parnell opposes the Government's motion claiming the appellate waiver is invalid because he was denied effective assistance of counsel and because the Government wrongfully withheld <u>Giglio</u>[*] material from him. We grant the motion to dismiss in part, deny it in part, and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See <u>United States v. Blick</u>, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. See <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. See <u>Blick</u>, 408 F.3d at 168. Our review of the record reveals that, absent a claim that would be excepted from the waiver, Parnell validly waived his right to appeal.

---

[*]<u>Giglio v. United States</u>, 405 U.S. 150 (1972).

While it is true that Parnell may challenge the voluntariness of his plea based on a claim of ineffective assistance of trial counsel, see Johnson, 410 F.3d at 151, ineffective assistance of counsel claims are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record, see United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). Although Parnell alleges his attorney was ineffective in several respects, these allegations are nothing more than the summary assertions of appellate counsel. In fact, the record reveals that Parnell discussed his plea with his privately retained attorney, that he was fully satisfied with his attorney's representation and the advice he provided, and that his attorney had "argued good points on [his] behalf and he questioned [his] witnesses with good questions and tried to bring out pretty much the point I was trying to make." Parnell admitted his attorney had done everything he had asked him to do. Accordingly, because we conclude that Parnell's ineffective assistance of counsel does not conclusively appear on the record, this claim is not cognizable on direct appeal and must instead be asserted in an appropriate motion for post-conviction relief.

Even assuming without deciding that the Government wrongfully withheld Giglio material from Parnell, we find that its failure to disclose the information--as well as the district court's failure to share the information with Parnell prior to

sentencing--did not render Parnell's plea involuntary. The Due Process Clause requires the government to disclose to the defense prior to trial any exculpatory or impeaching evidence in its possession. See Giglio, 405 U.S. at 153-55 (requiring disclosure of evidence affecting the credibility of prosecution witnesses); Brady v. Maryland, 373 U.S. 83, 86-88 (1963) (requiring disclosure of exculpatory evidence). Due process is violated, however, only if the evidence in question: (1) is favorable to the defendant, because it is either exculpatory or impeaching; (2) was suppressed by the Government; and (3) is material. See Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433 (1995) (internal quotations omitted). A reasonable probability is one sufficient to "undermine confidence" in the outcome. Id. at 435. "As long as evidence is disclosed before it is too late for the defendant to make effective use of it, there is no due process violation." United States v. Russell, 971 F.2d 1098, 1112 (4th Cir. 1992).

We conclude that Parnell's mere assertion that he would have insisted on going to trial had the Government disclosed the alleged Giglio material is insufficient to render his plea

- 4 -

involuntary. In fact, this assertion is belied by the fact that after the district court informed Parnell of the existence of the alleged <u>Giglio</u> material, and after it specifically informed Parnell that the information would have no effect on its denial of Parnell's suppression motion, Parnell still insisted on pleading guilty. Thus, Parnell may not now claim that his plea would have been different had he been aware of the substance of that information. <u>See</u> <u>Burket v. Angelone</u>, 208 F.3d 172, 191 (4th Cir. 2000) ("Absent clear and convincing evidence to the contrary, [a criminal defendant] is bound by the representations he made during the plea colloquy.").

Accordingly, we grant the Government's motion to dismiss Parnell's appeal to the extent he challenges his sentence, deny the Government's motion to dismiss to the extent Parnell's appeal challenges the voluntariness of his guilty plea based on alleged ineffective assistance of counsel and an alleged <u>Giglio</u> violation, and affirm as to these claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br><u>AFFIRMED IN PART</u>